UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IBRAHIMA BA, SALIOU BA and
NAFAYA FOOD SERVICE CORP.,

                               Plaintiffs,                     COMPLAINT

            -against-                            Case No.:

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                               Defendants.
-------------------------------------------------------------------x

The Plaintiffs, IBRAHIMA BA, SALIOU BA and NAFAYA FOOD SERVICE CORP., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

1. Jurisdiction over this cause of action is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, and Food and Nutrition Service (7 CFR § 279.7).

2. The Plaintiff, IBRAHIMA BA, SALIOU BA  resides in the County of Kings, City and State of New York and submits his Declaration of Plaintiff attached hereto.

3. The Plaintiff, NAFAYA FOOD SERVICE CORP., is a domestic business organized under laws of the State of New York, with its principal place of business located at No. 1657 Bedford Avenue, Brooklyn, New York 11225, wherein it owns and operates a retail deli/grocery/convenience store.

4. The Plaintiff, IBRAHIMA BA, SALIOU BA is the sole proprietor of NAFAYA FOOD SERVICE CORP., in which he has invested  his life saving to purchase and renovate this

store premises with the installation of new furnishings, fixtures and equipment necessary for the operation of a retail deli/grocery/convenience store.

5. After establishing this business, under the name of NAFAYA FOOD SERVICE CORP., on or about January 11, 2012 the Plaintiffs submitted an application in January, 2012, to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as retail owners in the Food Stamp Program/Supplemental Nutrition Assistance Program (SNAP). The Plaintiff's application was approved by the Defendants on or about March, 2012. Prior to the incidents that gave rise to this proceeding, the Plaintiffs performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program (SNAP) has been exemplary and unblemished.

6. By letter of charges, dated June 23, 2022 the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits (SNAP) in exchange for merchandise, which, in addition to eligible foods, include "common non-food items" on four (4) separate occasions, annexed hereto as Exhibit "A".

7. The Defendant's attached a Report of Positive Investigation with Investigative Transaction Reports to said letter indicating that on four (4) occasions during a period of nine (9) days, from May 17, 2022 thru May 25, 2022, ineligible items had been sold, and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months, or the imposition of a Civil Money Penalty, if applicable, in lieu of the disqualification, said Investigative Transaction Reports are annexed hereto as Exhibit "B".

8. The record shows that Plaintiffs through their representative requested an extension to

2

respond and provided replies of June 30, 2022 and July 29, 2022 in response to the charge letter.

9. By letter dated January 27, 2023, Jocelyn Keh, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program (SNAP), issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as result of the violations set forth in the letter of charges and Transaction Reports and refused to offer Plaintiffs a Hardship Civil Money Penalty in lieu of a six (6) month disqualification from the SNAP, copy of said letter is annexed hereto as Exhibit "C".

10. In response to the Defendant's determination, Plaintiffs, through its representative submitted a reply dated February 1, 2023, appealed the Retailer Operations Division's determination by requesting an Administrative Review of the Retailer Operations Division's determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months and requested that Defendants offer a Hardship Civil Money Penalty in lieu of the disqualification.

11. The Defendants have now rendered a Final Agency Decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter signed by Rich Proulx, Administrative Review Officer, dated and delivered April 29, 2024, wherein they refused to offer Plaintiff a Hardship Civil Money Penalty in lieu of a six (6) month period of disqualification, a copy of which is annexed to the Complaint in this action as Exhibit "D".

12. That subsequent to each letter or decision a response or request for review was

timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program (SNAP) for a period of six (6) months.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves and be given due process.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, to disqualify Plaintiffs from SNAP, in accordance with the provisions of Title 7 United States Code §2023 and CFR §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program (SNAP).

15. The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges categorically denying each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as described in the letter of charges and Transaction Reports.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigators to obtain a positive identification during the four (4) instances wherein clerk(s) at this owner's store are alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Reports annexed hereto as Exhibits "A", "B", "C" and "D", worked in the store on the dates and times in question.

(b) The fact that all of the so-called ineligible items allegedly sold were inexpensive items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibits "A", "B", "C" and "D".

(c) The redaction in the Investigative Reports and the failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(d) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations (SNAP).

(e) The failure to provide timely notice of evidence of violations where the complained acts occurred more than two (2) months prior to the letter of charges being delivered to Plaintiffs.

17. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental Nutrition Assistance Program (SNAP) since 2012.

(b) The sanction of disqualification from participation in the Supplemental Nutrition

Assistance Program (SNAP) for a period of six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiffs are sustained is excessive and punitive.

(c)  That according to Defendant's own records during a period of nine (9) days, from May 17, 2022 thru May 25, 2022, and were of negligible value and negligible profit, after four (4) undercover visits to the store.

18.  It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19.  Additionally, it is also submitted that the charge of selling common ineligible non-food items as alleged in the Investigation Transaction Reports are incredible and untrustworthy.

20.  It is important to note that during none of the visits to the store did the FNS "Investigator" videotape or audio record his or her attempt to entrap the employees of this firm into accepting Supplemental Nutrition Assistance Program (SNAP) Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food item or his or her failed attempt to engage in "trafficking" to wit, exchanging SNAP benefits for cash.

21.  It is important to note that the Defendants employed the same FNS Investigator to attempt to entrap the employees of this firm into accepting SNAP benefits in exchange for cash on July 13, 2022, as noted in Exhibit "D" by attempting to get cash off the EBT card when the clerk was asked "if [I]could get cash back". "The clerk said I could not get cash back of my EBT card" as the clerk refused to violate the SNAP regulations to benefit the undercover FNS Investigator by exchanging Food Stamp benefits for cash with the Investigator.

22. Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

1. On May 17, 2022, one (1) Bottle of "Lucky Super Soft" Hand Soap (3.5 fl oz), no price indicated and one (1) Bottle of "Ajax" Ultra Super Degreaser Dish Liquid (14 fl oz) no price indicated, as noted in Exhibit "A".

2. On May 21 , 2022,  one (1) Roll of "Bounty" Paper Towels (94 2-Ply Sheets, no price indicated and one (1) Package of "Foilrite" Aluminum Foil (20 Square Feet), no price indicated, as noted in Exhibit "B"

3. On May 23, 2022, one (1) Roll of "Bounty" Paper Towels (94 2-Ply Sheets, no price indicated and one (1) Bottle of "Gain" original Detergent, (10 fl oz-6 Loads), no price indicated, as noted in Exhibit "C".

4. On May 25, 2022, one (1) Box of "Suavitel" fabric conditioner sheets (18 sheets), no price indicated and one (1) Bottle of "Downy" Ultra fabric conditioner, (23 Loads-19 fl oz liq), no price indicated, as noted in Exhibit "D".

23. That where the prices of the "common non-food items" alleged to have been sold are not indicated, according to the Investigative Transaction Reports, and there is no proof that benefits were trafficked, i.e. no cash exchanged, and particularly compared to the failed attempt by the FNS Investigator to induce the employee to accept SNAP benefits in exchange for cash on May 25, 2022 as stated in Exhibit "D" evidences that the penalty imposed on this owner is unduly harsh and excessive and the actions of the agency are coercive and unconscionable.

24. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent, successful business and the sole source of his livelihood for the meager sum earned by the sale of these ineligible items.

25. It is further alleged that the Defendants targeting this particular store and firm with no history of SNAP violations and attempting to entrap these particular employees working as cashiers and/or clerks with limited knowledge of English, who had initially refused to engage in requested violations is patently unethical and prejudicial.

26. That to disqualify this owner for a six (6) month period, merely due to alleged "carelessness and poor supervision", even if it did occur as alleged, will result in irreparable injury and damage to the Plaintiffs if this disqualification is imposed.

27. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and is in violation of the Defendants' own Regulations.

28. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify Plaintiffs from the Supplemental Nutrition Assistance Program SNAP) for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
   May 12, 2024

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 2306
New York, New York 10013
(917) 733-7701